IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ellis Jerome Swinton, Sr. #290850,<br><br>                  Plaintiff,<br><br>vs.<br><br>J. Al Cannon, Jr., *County of Charleston*,<br>Charleston County,<br>John Doe I,<br>John Doe II,<br><br>                  Defendants. | C/A No. 8:15-4148-PMD-JDA<br><br>**REPORT AND RECOMMENDATION** |

Ellis Jerome Swinton, Sr. ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. §§ 1983 and 1985, alleging violations of his constitutional rights and a conspiracy to violate them. Plaintiff is a prisoner incarcerated at Arizona State Prison Complex in Tuscon, Arizona. He files this action *in forma pauperis* under 28 U.S.C. § 1915. This case is subject to summary dismissal.

## BACKGROUND

Plaintiff alleges the following pertinent facts. His constitutional rights were violated during his trip from Charleston, South Carolina, to Phoenix, Arizona. [Doc. 1 at 1.] On or about November 14, 2013, he "was taken into the custody of the Charleston County Sheriff's Office in Charleston, South Carolina, to await disposition of a fugitive warrant which had been issued out of the State of Arizona." [Doc. 1-1.] On November 15, 2013, Brian K. Kellett presented Plaintiff with a "waiver of extradition for delivering Plaintiff to the proper authorities of the State Georgia." [*Id.*] Plaintiff signed it, and an officer with badge number 9813 witnessed it. [*Id.*] No authority from Arizona witnessed or signed it. [*Id.*] Plaintiff would have fought extradition to Arizona. [*Id.*]

On or about December 1, 2013, J. Al Cannon, Jr., ("Cannon") "authorized and allowed two agents, Defendants John Doe I and John Doe II[,] custody of Plaintiff for the purpose of removing Plaintiff to Maricopa County, Arizona, to answer criminal charges supposedly pending there." [*Id.*] Cannon's authorization to give custody of Plaintiff to John Doe I and John Doe II to permit them to take him to Arizona was not proper under extradition laws. [*Id.*]

At some point prior to presenting themselves to South Carolina authorities at the jail, John Doe I and John Doe II realized that the documents to permit them to extradite Plaintiff were defective and unlawful. [*Id.*] On December 1, 2013, John Doe I and John Doe II agreed between themselves to fraudulently misrepresent to South Carolina jail authorities that the documents were legal and permitted them to take custody of Plaintiff. [*Id.*] They then took Plaintiff to Arizona over his objection. [*Id.*] Plaintiff suffered mental, physical, and financial injuries and was denied his opportunity to contest extradition to Arizona. [Doc. 1.]

Cannon "was the final policy making authority for and on behalf of the County of Charleston, in all matters concerning the [removal] of fugitives from justice, from within to without the State of South Carolina." [Doc. 1-1.] Charleston County ratified or adopted Cannon's policies. [*Id.*]

Based on these alleged facts, Plaintiff claims the following constitutional violations: due process; and denial of equal protection of the laws. [Doc. 1.] He also alleges a conspiracy to violate his rights to due process and to equal protection. [*Id.*] And, he alleges Defendants committed the state law torts of fraud and false imprisonment. [*Id.*] He further seeks a declaratory judgment action pursuant to 28 U.S.C. § 2201 that Defendants

committed the crime of kidnaping and conspired to do so.  [*Id.*] And, Plaintiff seeks damages.  [*Id.*]

Plaintiff attached several copies of documents.  [Doc. 1-1 at 4–6.] A review of the documents reveals that the Waiver of Extradition indicates Plaintiff will be delivered to Georgia. [*Id.*] The affidavit, dated the same date as the waiver, reveals that Plaintiff was considered a fugitive from justice because Arizona had outstanding warrants for his arrest on "7 counts Forgery, 7 counts Taking Identity of Another, 2 counts Fraudulent Schemes. . . ."  [*Id.*]

This Court takes judicial notice that on or about May 11, 2015, Plaintiff filed a civil action in this Court against Cannon and the Charleston County Sheriff's Department raising similar factual allegations.  *See* Report and Recommendation, *Swinton v. Cannon*, C/A No. 8:15-1931-PMD-JDA (D.S.C. July 20, 2015), ECF No. 14, *adopted*, Order (D.S.C. Aug. 19, 2015), ECF No. 16; *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").  After Plaintiff did not file objections to the Report and Recommendation, this Court dismissed that action without prejudice and without service of process based on immunity and failure to state a claim on which relief may be granted.  *See* Order, *Swinton v. Cannon*, C/A No. 8:15-1931-PMD-JDA (D.S.C. Aug. 19, 2015), ECF No. 16.

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for

him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

### DISCUSSION

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted. Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into

the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

While a county or other local government is subject to suit under § 1983, a local government is responsible only for its own illegal acts. *See Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011); *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 689 (1978) (municipalities and other local government bodies are "persons" within the meaning of § 1983, but a plaintiff must identify a municipal "policy or custom" that caused plaintiff's injury. A plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged). A plaintiff must prove that action pursuant to official municipal policy caused his injury. *Connick*, 131 S. Ct. at 1359–60.

Here, Plaintiff seeks to sue Charleston County based on alleged unlawful policy. However, his allegations fail to state a plausible claim. Plaintiff alleges that Cannon's authorization to give custody of him to John Doe I and John Doe II to permit them to take Plaintiff to Arizona was not proper under extradition laws. And, Charleston County adopted Cannon's policies because Cannon "was the final policy making authority for and on behalf of the County of Charleston, in all matters concerning the [removal] of fugitives from justice, from within to without the State of South Carolina." At most, Plaintiff alleges one incident where Cannon (and allegedly Charleston County because it adopted Cannon's extradition policies) permitted Plaintiff to waive extradition but the waiver contained a typo to indicate

Georgia instead of Arizona.[1] And, even if listing Georgia on the waiver was not a typo, this was one incident. Such allegations do not plausibly allege a Charleston County policy or custom. Thus, Plaintiff fails to allege a claim on which relief may be granted against Charleston County.

And, for the reasons previously stated by this Court in *Swinton v. Cannon*, C/A No. 8:15-1931-PMD-JDA, the Eleventh Amendment protects Cannon from being sued in federal court. *See* Report and Recommendation, *Swinton v. Cannon*, C/A No. 8:15-1931-PMD-JDA (D.S.C. July 20, 2015), ECF No. 14, *adopted*, Order (D.S.C. Aug. 19, 2015), ECF No. 16. With regard to Cannon in his individual capacity, Plaintiff fails to state a claim on which relief may be granted because he does not plausibly allege any personal involvement by Cannon. *See id.* Plaintiff points to Brian K. Kellett, not Cannon, as the person who presented Plaintiff with the document to waive extradition.[2]

Further, Plaintiff's allegation of a conspiracy to violate his constitutional rights fails to state a plausible claim. To state a claim pursuant to 42 U.S.C. § 1985(3), a plaintiff must allege:

---

[1]Also, Plaintiff alleges he was taken into custody in South Carolina to await disposition of a fugitive warrant which had been issued out of the State of Arizona. In other words, Plaintiff alleges he knew that Arizona considered him to be a fugitive.

[2]Even if Plaintiff alleges sufficient personal involvement by Cannon, he fails to state a plausible claim that his federally protected extradition rights were violated. Plaintiff alleges he was taken into custody in South Carolina to await disposition of a fugitive warrant which had been issued out of the State of Arizona. In other words, Plaintiff alleges he knew that Arizona considered him to be a fugitive. Thus, the typo on the waiver listing Georgia does not allege a plausible claim because Plaintiff alleges he knew that Arizona considered him to be a fugitive. There is no allegation that Plaintiff was considered to be, or believed that he was, a fugitive from Georgia. And, for the same reasons, Plaintiff fails to state a plausible claim against John Doe I and John Doe II.

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

*A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (quoting *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir.1995)). And, the court has "rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." *Id.* (quoting *Simmons*, 47 F.3d at 1377). As noted above, Plaintiff alleges that John Doe I and John Doe II agreed between themselves to fraudulently misrepresent to South Carolina jail authorities that the documents were legal and permitted them to take custody of Plaintiff. This is a conclusory statement unsupported by concrete facts, and, therefore, insufficient to state a plausible claim.

Lastly, a declaratory judgment action is not appropriate in this circumstance. Plaintiff seeks a declaration that Defendants have already violated his rights, not to define the parties' rights in the future. *See Abebe v. Richland Cnty.*, C/A No. 2:09-2469-MBS-RSC, 2009 WL 6582396 (D.S.C. Oct. 8, 2009), *adopted*, 2010 WL 2431062 (D.S.C. June 14, 2010), *aff'd*, 399 F. App'x 820 (4th Cir. 2010).[3]

## RECOMMENDATION

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as

---

[3]Because the federal question claims should be dismissed, this Court should decline supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3).

possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  **Plaintiff's attention is directed to the important notice on the next page.**


October 30, 2015                                                                s/Jacquelyn D. Austin
Greenville, South Carolina                                          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).