IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Ellis Jerome Swinton, Sr., ) | Civil Action No.: 8:15-cv-04148-PMD-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Charleston County, Ross Foley, ) | **REPORT AND RECOMMENDATION** |
| Frederick Overton, ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Defendants.[1] ) | |

This matter is before the Court on a motion to dismiss filed by Defendant Charleston County [Doc. 32] and a motion for inquiry filed by Plaintiff [Doc. 59]. Plaintiff is proceeding pro se and brought this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and to submit findings and recommendations to the District Court.

This case involves Plaintiff's allegedly unlawful extradition from South Carolina to Arizona. On October 30, 2015, the undersigned filed a Report and Recommendation ("R & R") recommending that the instant action be summarily dismissed. [Doc. 10.] On December 15, 2015, the R & R was adopted in part, and recommitted to the undersigned for further consideration. [Doc. 14.] Specifically, the Court ordered that all claims against J. Al Cannon Jr. be dismissed, all federal claims against Charleston County be dismissed,

---

[1] Defendant J. Al Cannon, Jr., was terminated from this action on December 15, 2015. [Doc. 14.] Plaintiff substituted Defendants Ross Foley and Frederick Overton for John Doe I and John Doe II. [Docs. 43, 45.]

Plaintiff's § 1985 claims against John Doe I and John Doe II be dismissed, and Plaintiff's declaratory judgment claim be dismissed. [*Id.*] The Court recommitted the matter to the undersigned to determine whether Plaintiff has stated a plausible § 1983 claim against John Does I and II. [*Id.* at 11, 14.] Further, the Court directed the undersigned to consider whether Plaintiff has adequately pled his state-law claims only if the undersigned determines that any of Plaintiff's § 1983 claims should not be dismissed. [*Id.* at 13–14.]

On February 19, 2016, Charleston County moved the Court to dismiss it from the present action because John Doe I and John Doe II had not been served and the only causes of action remaining against the County are state-law claims over which the Court should decline to exercise supplemental jurisdiction. [Doc. 32.] In the alternative, Charleston County argues Plaintiff has failed to state a claim against it. [*Id.*]

Plaintiff was granted an extension of time to accomplish service of process on John Does I and II. [Docs. 41, 45.] Plaintiff learned the identity of the John Does and substituted Ross Foley and Frederick Overton as Defendants. [Docs. 43, 45.] Defendants Foley and Overton were served on June 2, 2016, and the summonses were returned executed on June 21, 2016. [Docs. 62, 63.] Because counsel was retained the same week Defendants Foley and Overton's responsive pleadings were due, an extension of time was granted, and Foley and Overton's responsive pleadings are currently due on July 14, 2016. [Docs. 64, 65.]

At this time, the undersigned finds that in the interest of judicial efficiency, Charleston County's motion to dismiss [Doc. 32] should be dismissed, with leave to refile

after Defendants Foley and Overton's responsive pleadings are filed so that the Court may first determine whether Plaintiff has stated a plausible § 1983 claim before addressing the state-law claims. [*See* Doc. 14 at 13–14.] Further, Plaintiff's motion for inquiry on *Roseboro* Order [Doc. 59], inquiring as to the status of a scheduling order, should be found as moot.

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Defendant Charleston County's motion to dismiss [Doc. 32] be DISMISSED WITH LEAVE TO REFILE. It is further recommended that if the Court adopts this recommendation, that Defendant Charleston County be directed to refile its motion to dismiss within twenty days of the Court's Order. Further, the Court recommends Plaintiff's motion for inquiry on *Roseboro* Order [Doc. 59] be FOUND AS MOOT.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>United States Magistrate Judge

June 30, 2016
Greenville, South Carolina